UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



DOCKET NUMBER:

3:14-cv-01460-VLB

CIVIL CASE:

AUGUST 5, 2015.

CHARLIE J. MCCLENDON
The Plaintiff's

v.

MACDOUGALL CORRECTIONAL INSTITUTION DEPARTMENT OF CORRECTION
OFFICIALS, WARDEN, P. MURPHY, AND INVESTIGATOR OFFICER, ROY.
1153 EAST STREET SOUTH, SUFFIELD, CONNECTICUT. 06080.
The Respondent's

THE PLAINTIFF'S CHARLIE J. MCCLENDON, #107421 PRO,SE MEMORANDUM

This Is A Civil Action Authorized By 42 U.S.C. Section 1983
Brought To This United States District Court/District Of Connecticut. Each Respondent's Is Sue Individually And In HIs Or Her Officials Capacity. At All Time Mention In This Complaint

Each Respondent's Acted Under The Color Of Law.

On November 11, 2011. The Plaintiff's and his ex-cell-mate was taken to segregation for an investigation. On November 14, 2011. The Plaintiff's was interviewed by the head leading official Captain, Beaudry, and Captain, Pain. I was than made awear that I and my ex-cell-mate was under investigation for an impeding order. A protest that was schedule for January 4, 2012. I was also made awear that I wasn't the target of this investigation but my ex-cell-mate was the one that this adminstration was after. At that point I was told by Captain, Beaudry, that once the investigation is over I can return back my block, and my commissary job. The same day I wrote to the Warden, and the Deputy Warden, how un-fair it was to place me in segregation knowingly I had nothing to do with this investigation. There in my informal complaint I threat to sue for them for this action On November 15, 2011 I received a disciplinary report for contraband. On November 21, I was once again interviewed by Captain, Beaudry, Capatin, Pain, and Captain, Mainly. There I was informed because of the magnitude of this incident, and sitaution I can't return back to the block. when I ask why not, I was told by Captain, Beaudry its the power that be. I expressed my concern to Capatin, Beaudry, Captain, Pain, and Captain, Mainly about the interviewed that we had on November 14, 2011, that I was told that once the investigation is over I will be able to return back to the block, and my commissary job, that when I was told by Captain, Mainly that I was just a casualty. I spoke about the un-fairness this disciplinary report, Captain, Beaudry, stated that he will try to deferral it. On November 23, I was found guilty for the Contraband disciplinary report.

(1)

On November 23, 2011. The Plaintiff's filed two grievance. One was for placing him in segregation illegally, and the other one was for the appeal of the disciplinary report. On November 29, 2011. I was brought to the investigator officer Roy office, there he had me signed a disciplinary report to be deferred He informed me that, all my complaint, and grievance had reached the Warden, and this is all the administration is willing to to do for me. I was than told by investigator Roy, that he know that I had nothing to do with this incident, but I am just a casualty, and today I will be transferring out to Cheshire, c.i. I was transferred to Cheshire that night. On Decenber 6, 2011. I received a grievance disposition through the legal mail. I was ask if I wanted to proceed with the disciplinary report yes or no. I signed the document no, because the disciplinary report had beed defeeral on November 29, 2011, at Macdouall there was no reason to proceed with this matter. I placed the grievance in the box. I had not heard any thing since than. When I received this grievance disposition, it came to be very clear to me that I need to filed another grievance for placing me in segregation illegally. So on December 9, 2011, I filed a grievance here at Cheshire, c.i. On December 24, 2011, I had filed a complaint with the Claims Commissioner Office about this incident that happen at Macdougall c.i. on November 11, 2011. After researching the procedure on civil case law suit, the plaintiff's realize that he had to exhausted all his remedies The plaintiff's had filed a level two grievance on January 12, 2012. The level two grievance stated" your appeal must be filed with in 5 days of the level one respones" I never received a

(2)

a respond from the level one grievance that I filed on November 23, 2011 at Macdougall c.i. and on December 9, 2011 here at Cheshire c.i. While the level two grievance was still pending, on January 16, 2012 I had amend my complaint to the Claims Commissaioner Office. Sometime around Feburary 2012, the Plaintiff's filed a level three grievance, also no respond. On March 28, 2012, The Plaintiff's wrote to the Grievance Coordinator, and the District Administration, concerning my level 1,2,3, grievance I got no respond form either of them. In May of 2012. The -- Attorney General filed a motion to dismissed on the grounds of lack of jurisdiction. The Plaintiff's did-in-fact respond to the motion to dismissed. While the motion to dismissed was still pending. The Plaintiff's fear that the time to filed a state civil suit was running out, he filed a civil complaint. On October 17, 2013, at the Hartford Superior Court 95 Washington Street, Hartford, Conn. 06106. The Complaint was sent back to me because of the nature of document(secetion 4-7, 7,6, of Conn. practice book) On November 7, 2013. The Plaintiff's re-submitted the civil Complaint at the Superior Court in Hartford, the Clerk Office granted the Plaintiff's waiver of fee, the Plaintiff's proceed with the State Court Civil suit by sending the Complaint to the Hartford County Marshal by the Name of Bruce L. Kas 297, East Street South Suffield, Conn. 06078. Sometime in November of 2013 the Plaintiff's received legal mail from the Claims Commissioner Office, stating he had granted the Attorney General motion to dismissed, on the ground of lack of jurisdiction. The Plaintiff's did not appeal this ruling of the Claims Com-Missioner, because of the lack of jurisdiction.

As the Plaintiff's waited for the Hartford County Marshal, or the Hartford Superior Court to respond from the November 7, 2013, the Plaintiff's called the Clerk Office at the Hartford Superior Court. I was told the Returned date of the Compaint had run out. So I had filed again. On April 7, 2014 I re-submit the Complaint, the Clerk Office granted my fee once again. I sent the Complaint to the same Marshal. I never received my Complaint back.

The Plaintiff's filed this amendment complaint on the issue this District Court, District Of Connecticut allowed him to proceed with. The Plaintiff's has a First Consistution Rights to exercise the grievance prison system with out being retaliation on.

**The Plaintiff's First Amendment Rights Was Violated When Official Transfer Him Because He Had Filed A Grievance For Illegally Placing Him In Segregation.**

A prisoner has no liberty interest in remaining at a particular correctional facility, see **Meachum, V. Fano,** 427 u.s. 215, 225. 49 L. ed 2d 451, 96s ct. 2532 (1976) **Meriwether V. Coughlin,** 879 F.2d 1037, 1047 (2d cir 1989) but prison -- authorities may not transfer an inmate in retaliation for the exercise of constitutionally protected right, see **Hendrick v. Coughlin,** 114 F.3d 390 393-94 (2d cir 1997). **Gill v. Moony,** 824 F.2d 192, 194 (2d cir 1987). The Plaintiff's had a Constitutionally protected right to petition the court for redress of grievance, see **Colon v. Coughlin,** 58 F.3d 865, 872 (2d cir 1995).

(4)

The primary disputed issue is whether the subsequent ordering of this transfer to Cheshire c.i. was retaliation. The prison officials retaliation when the Plaintiff's made it very clear that he will be filing a sue. **Davis v. kelly, 160 F.3d 917, 920 (2d cir 1998)** The Plaintiff's was transfer from Macdougall c.i. a prison that is consider a privilege prison. This disrict court is familiar with the practice of the Department of Correctional in Connecticut. Macdougall c.i correctional level 4 facility allowed inmates 90 minutes shower in phone calls in the morning , and in the after noon. at night they allowed two hours of recreation, and outside recreation everyday. Here at Cheshire c.i. You allowed one hour of shower in phone calls in the morning, and one hour of recreation at night. If you are shop working in cheshire you don't get worker shower as Macdougall do. You have to wait until your recreation at night to receive a shower.

    I was well established  at Macdougall c.i. I posed no threat to any inmates, or the facility. The Plaintiff's states plausible claims of retaliation. The Warden, and the Investigator officer, know of my complaints and grievance that I filed. They was threaten with law suit. This became the substantial, and motivating factor for then to transfer me. **Bennett, v. Goord, 343 F.3d 133 (2d cir 2003). Smite v. Levine,** 510 F. Appx. 17

The Plaintiff's transfer to Macdougall c.i. on August 6, 2006. In his 5½ years stay, the Plaintiff's stay did not made him familar with the facility, and thus posed no threat to the - maintenance of the order, and the discipline within the facility. The Plaintif''s was well established at Macdougall c.i. with his commissary job. The Plaintiff's have been at the time incarcerated for 24 years, and had no disciplinary report in 16 teen years or a informal. The Plaintiff's had no profiles with other inmates, that was there or was entering in the prison at the time of this subsequent ordering transfer. The Plaintiff's was taken to segregation on November 11, 2011 with out due - proceed of law.

The Plaintiff's seek in relief $ Seventh-Five-Thousand for punitive damages for retaliatory, and compensatory damages for from the lost of his .80¢ a hour job

By signing this complaint. I certify under penalty of purjury that the information contained in this complaint is true, and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecutor for prejury.

*[signature]*

Charlie J. Mcclendon
#107421
900 Highland Avenue
Cheshire, Conn. 06410.

(6)

## CERTIFICATION

The Plaintiff's Charlie J. Mcclendon, #107421 hereby certify that this documents has been electronic filed on this day of August 5, 2015. To this district court/district of Connecticut. United States District Court, Office Of The Clerk. 141 Church Street, New Haven, Conn. 06510.

Date 8-3-15

Name [signature]